MAY TERM, 1881, No. 138.            MAY 4TH, 1881.

## Hershey *versus* Gohn.

1. If the materials for which a mechanics' lien was filed were furnished on the credit of the building, it matters not that they were used for the pavement, gutter, and outhouse.

2. In a *scire facias* on a mechanics' lien, where the owner defends on the ground that the materials were used for the pavement, gutter, and outhouse, the written contract between the owner and the contractor is evidence to show that it included these portions of the property.

3. In a *scire facias* on an apportioned lien it is not necessary for the claimant to show that material to the amount of the apportionment was used for the specific property described.

ERROR to the Court of Common Pleas of *Lancaster County.*

*Scire facias sur* mechanics' lien, by Daniel F. Gohn against Christian Hershey, owner, and William H. Hogendobler, contractor.

The plaintiff filed a lien, April 7th, 1877, amounting in the aggregate to $1803.77½, against five houses and lots in Columbia, and apportioned to house and lot No. 1

[Hershey *v.* Gohn.]

the sum of $529.90. The lien was for bricks furnished between June 9th, 1876, and November 1st, 1876. The *scire facias* issued July 6th, 1878, upon the whole lien, but was subsequently amended by striking from it all that related to properties other than No. 1 described in it. On the trial no evidence was given to show how many of the bricks were used in building the No. 1 house. In the course of the cross-examination of the plaintiff, he testified that all of the bricks furnished after October 3d, 1876, were used for the pavement, gutter, and outhouse, except an item, "October 12th, 500 arch, $9.00,—4.50," about which he said, "I don't know." The plaintiff offered in evidence the contract and specifications between Hershey and Hogendobler for the purpose of showing that the pavement and the outhouse were both included in the original contract, which were admitted under exception. Counsel for defendants asked the Court to charge

1. That if the jury believe that all the bricks furnished by the plaintiff after October 6th, 1876, were furnished for pavements, gutters, and walling up the privy, the plaintiff cannot recover, the lien having been filed on April 7th, 1877.

2. Upon all the evidence and the law of the case the verdict should be for the defendant.

Both of these points were disaffirmed.

October 8th, 1880, the jury found a verdict for the plaintiff for $641.17. The defendant then made a motion in arrest of judgment on the ground that the verdict was taken for $529.90 and interest, without any proof having been given that more bricks were delivered for or used in house No. 1 than in any of the others.

The Court, PATTERSON, J., refused the motion, and judgment was entered on the verdict.

The defendant then took a writ of error, assigning as error the refusal of his points, the admission of the evidence above set forth, and the overruling of the motion in arrest of judgment.

*George M. Kline, George Nauman, A. J. Kauffman* and *William B. Given* for plaintiff in error.

The items after October 6th were not for lienable material. The material man had no contract with the owner, and had no right under the lien laws to enter a lien for material not within the statutes. The contract admitted in evidence was *res inter alios acta.* Plaintiff was bound to show to the satisfaction of a jury that material to the value of $529.90 went into building No. 1.

[Klopp *v.* Klopp.]

*H. M. North* for defendant in error.

Church *v.* Allison, 10 Barr, 416 ; Searsley *v.* Flanigan, 10 Harris, 491 ; White *v.* Miller, 6 Harris, 52 ; Tizzard *v.* Hughes, 3 Phila., 261 ; Hill *v.* Newman, 2 Wr., 151 ; Hinchman *v.* Graham, 2 S. & R., 170 ; Harker *v.* Conrad, 12 S. & R., 301.

As to the motion in arrest of judgment, it is decided that if he filed his lien against a building he need not show that the materials went into the building. If furnished for it, it is enough. The owner has no interest in the apportionment.

PER CURIAM : The Court would have committed manifest error if they had affirmed the defendant's first point. It mattered not what the bricks were furnished for, if they were furnished on the credit of the building before it was finished. The contract between the owner and contractor was clearly admissible, nor was the question of apportionment material to defendants. It is only as to subsequent liens that it becomes important.

Judgment affirmed.